### McNEANY v. CURTIN et al.

(Supreme Court, Appellate Division, Second Department.  May 8, 1896.)

WITNESS—TRANSACTION WITH DECEDENT.
On settlement of an administrator's account, the transferee of a note made by decedent in favor of the administrator, and by him paid to the transferee, out of the decedent's estate, is not disqualified by Code Civ. Proc. § 829, to testify as to the transaction with decedent which resulted in the execution and delivery of the note; such transferee not being a party to the proceedings for the settlement of the counts, or interested in the event.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of John McNeany, as administrator of the estate of Patrick McNeany, deceased.  From a decree

finally settling the account of the administrator, and directing distribution of the balance of the estate in his hands, the administrator appeals.     Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

A. M. & G. Card, for appellant.

Thomas H. Troy, for respondents.

BROWN, P. J.   The administrator allowed and paid to Patrick S. Boylan the sum of $3,124, being the amount of principal and interest due on a certain promissory note alleged to have been made by the deceased, and held by said Boylan.   This payment was objected to by the special guardian on behalf of the infant contestants, and the questions presented upon this appeal relate to the rulings of the referee which excluded evidence offered to sustain the validity and the payment of this claim.

Patrick McNeany died December 29, 1891.   He was the brother of John McNeany, the appellant, to whom letters of administration were issued; and he left surviving him, in addition to his brother John, as his next of kin, a sister and three infant nephews and nieces.   The note in question bore date November 24, 1891, and was payable four months after date, to the order of John McNeany, the appellant, with interest.   It purported to have been signed by the deceased, by making a cross as his mark; and it was witnessed by Boylan.   It was claimed by the appellant—and there was testimony tending to support this claim—that the note had been transferred by him to Boylan on December 11, 1891, in consideration of the payment of the sum of $2,820; and it was alleged that the full amount due thereon had been paid to Boylan by the appellant in August, 1892.

The learned referee to whom it was referred by the surrogate to examine the account and to hear and determine all questions arising upon the objections thereto, and whose findings and conclusions were embodied in the decree, decided that the note was not proven to have been made and delivered by the deceased for a good consideration, and that Boylan was not proven to have been a bona fide holder thereof, and that the note was not a valid claim against the estate.   It is a debatable question whether the referee did not err in holding that the burden of proof was upon the appellant to sustain the validity of the claim.   In re Frazer, 92 N. Y. 239.   We do not think, however, that that question is before us. There is testimony printed in the record tending to establish the validity of the note, and there are many circumstances shown which tend to discredit this evidence, and to raise a strong suspicion that the claim was a bogus one.

Upon the hearing, testimony of the appellant and of Boylan, which, if admitted, would have tended to prove the execution and delivery of the note for a good consideration, was excluded by the referee, on the ground that it was inadmissible, under section 829 of the Code of Civil Procedure; and the exception to this ruling is

the only question necessary to consider on this appeal. It may be conceded that the testimony of the appellant as to the transaction with the deceased which resulted in the execution and delivery of the note was inadmissible, both by reason of his being a party to the proceeding and of his interest in the event; but we are of the opinion that Boylan was a competent witness to sustain the claim. He was not a party to the proceeding, neither was he interested in the event. The claim of the appellant rested upon the allegation of payment of the note to Boylan. If that claim was true,—and it was the only ground or basis upon which the matter came before the court,—the surrogate's decree could have no possible effect upon Boylan. He had received the money on the note, and there is no possible theory upon which he could be compelled to refund it to the appellant. Even assuming that Boylan and the appellant had entered into a scheme to defraud the estate, the appellant could not compel repayment of the money to himself in case the execution of this scheme failed. In no possible view of the case can I see that Boylan's testimony was incompetent. He was not, however, called as a witness for the appellant. He was called by the contestants, and gave testimony which tended to thrown some discredit upon his personal character, and to raise some suspicion whether he was a person able to have become the purchaser of the note. It was upon his cross-examination that he was asked to state the transaction with the deceased in which the note was given, and which, upon the contestants' objection, was excluded. The referee's ruling might possibly be sustained, on the ground that the questions asked did not relate to proper cross-examination, and that, if the appellant desired to prove the transaction with the deceased by Boylan, he should have made him his own witness. But the objection to the testimony was not made upon that ground, and we cannot say that, if it had been, it would have been sustained by the referee. In this view, the admission of the testimony would have rested in the discretion of the referee. We think that Boylan was a competent witness to sustain the payment by the appellant. A similar question was presented in Re Frazer, supra. There the executors had paid the claim of a man named Mullin, based upon an alleged contract which he had with the deceased; and it was held that Mullin was a competent witness to sustain the claim.

For the error in excluding Boylan's testimony, the decree must be reversed, and there must be a new trial, with costs to abide the event, and payable from the estate. All concur.